UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CR9CDP(MLM) |
| ) | |
| ANTHONY L. HENDERSON, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the Motion to Suppress Evidence and Statements filed by defendant. [Doc. 19] The government responded. [Doc. 22]

On 3/22/06 an Evidentiary Hearing was scheduled. Defendant argued that there was no probable cause or reasonable suspicion for the warrantless search and that any statements defendant made after his illegal arrest were fruit of the poisonous tree. The government argued that defendant does not have standing to challenge the search of the vehicle and the seizure of the weapon at issue in this case. The government argued that it was not appropriate to have an evidentiary hearing because defendant had not established that his own Fourth Amendment rights were violated.

Some factual background is in order. On 7/22/05 members of the St. Louis Metropolitan Police Department were dispatched to a tow lot at 1411 East 14th Street. An individual named Sparks, who worked at the tow lot, had reported seeing defendant remove a firearm from a vehicle on the lot and exit the lot. Defendant then sat on the bumper of a black Malibu parked outside the lot. Sergeant Trevor was the first to respond.[1] He spoke to defendant. When PO Gregory Frost responded, he obtained the name and a description of the owner of the Malibu from defendant.

---

[1] The government's Response says that Sgt. Trevor saw defendant sitting on the Malibu's bumper and make a movement as if putting something in the trunk and then close the trunk. No evidence was adduced at the hearing as to this observation by Sgt. Trevor.

Defendant said the owner was April Stewart wearing an orange shirt or orange sweatshirt. Mr. Sparks located Ms. Stewart inside the tow lot and brought her to the Malibu. The officers asked her for consent to search her car and she consented. PO Frost and Sgt. Trevor searched the car and found a firearm on top of a pile of clothing in the trunk. PO Frost arrested defendant and advised him of his Miranda Rights by reading from his Miranda card. The St. Louis Metropolitan Police Department Card states the following:

Warnings – Constitutional Rights

1. You have the right to remain silent.

2. Anything you say can and will be used against you in court.

3. You have the right to a lawyer and to have him with you while you are being questioned.

4. If you cannot afford to hire a lawyer, one will be appointed for you before any questioning if you so desire.

Defendant spoke freely about the gun in the car on the way to the police station. He volunteered most of the information, not in response to questioning by the officers.

## STANDING

As pointed out in United States v. Sanchez, 943 F.2d 110, 113 n.1 (1st Cir. 1991), the use of the word "standing" is convenient but somewhat imprecise. The Supreme Court has indicated in Rakas v. Illinois, 439 U.S. 128 (1978), that matters of standing in the context of searches and seizures actually involve substantive Fourth Amendment law. See also Minnesota v. Carter, 525 U.S. 83, 119 S.Ct. 469, 472 (1998)("in determining whether a defendant is able to show a violation of his (and not someone else's) Fourth Amendment rights, the 'definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing.'"quoting Rakas.) Standing is not to be analyzed apart from the merits, rather a defendant is required to prove a legitimate expectation of privacy as a prerequisite to challenge unlawful police conduct. Sanchez, 943 F.2d at 113 n.1.

Fourth Amendment rights may not be asserted vicariously and thus it must be determined whether the defendant had a legitimate expectation of privacy in the area searched. United States v. Gomez, 16 F.3d 254, 256 (8th Cir. 1994), citing Rakas v. Illinois, 439 U.S. 128, 138-44 (1978). The defendant has the burden of proof on the issue of his reasonable expectation of privacy. United States v. Kiser, 948 F.2d 418, 423 (8th Cir. 1991), cert. denied, 112 S.Ct. 1666 (1992). If a defendant cannot prove a sufficiently close connection to the object or place searched, he has no standing to claim the search was illegal. United States v. Sanchez, 943 F.2d 110, 113 (1st Cir. 1991). The Eighth Circuit in Gomez, 16 F.3d at 256, has cited with approval a seven-part test for determining standing:

> Ownership, possession and/or control of the area searched or items seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or non-existence of a subjective expectation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case. Sanchez, 943 F.2d at 113.

Applying this test to the present case, the defendant has failed to prove a legitimate expectation of privacy in the Chevrolet Malibu or the firearm. He did not own the Malibu, there is no evidence of his historical use of the car and there is no evidence of whether he had keys to the car or any ability to regulate access. Defendant said April Stewart owned the car, she acknowledged she owned the car and she consented to the search. Defendant has proved no connection to the car and has failed to prove he had a reasonable expectation of privacy in the car. He thus lacks standing to challenge the search.

Defendant's only challenge to the statements he made is based on "fruit of the poisonous tree." Since the search was lawful, the tree is not poisonous. Defendant raises no challenge to the voluntariness of his statements. Therefore, his statements should not be suppressed.

The undersigned believes that the issue of standing is dispositive of the Motion to Suppress. The court agrees with the government's position and does not (and did not) believe that an evidentiary hearing was necessary. Nevertheless, out of an abundance of caution, and in the event the trial court does not agree with the standing analysis, the court directed the government to

present its evidence on 3/22/06 at the time of the scheduled hearing. The testimony is recounted in the background facts set out above.

The owner of the car, April Stewart, consented to the search of the car. A search based on the consent of an individual may be undertaken by government actors without a warrant or probable cause and any evidence discovered during the search may be seized and admitted at trial. Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). Consent must be freely and voluntarily given. Id. In determining whether consent is freely and voluntarily given, the court must examine the totality of the circumstances. United States v. Mendenhall, 446 U.S. 544, 547 (1980); United States v. Chaidez, 906 F.2d 377, 381 (8th Cir. 1990); United States v. Lee, 886 F.2d 998, 1000 (8th Cir. 1989), cert. denied, 495 U.S. 906 (1990). There is no evidence before the court that Ms. Stewart was coerced, threatened or that any other police misconduct induced her to consent. In the totality of the circumstances presented, her consent was freely and voluntarily given. The search of the Malibu was lawful and the firearm should not be suppressed.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Motion to Suppress Evidence and Statements filed by defendant be **DENIED**. [Doc. 19]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2006.